UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH M. MALINOWSKI,

    Petitioner,

  v.                                       Case No. 05-C-176

JUDY P. SMITH,

    Respondent.

## ORDER

The petitioner in this action, Joseph M. Malinowski ("Malinowski"), filed a petition for writ of habeas corpus alleging that he is being held in violation of the United States Constitution. Malinowski was convicted in the Marathon County Circuit Court of second degree sexual assault of a child, in violation of Wis. Stat. § 948.02(2), and repeated sexual assault of the same child, in violation of Wis. Stat. § 948.025(1). He was sentenced to serve a total term of six years' initial confinement, to be followed by sixteen years' extended supervision. Malinowski alleges that his convictions were obtained in violation of his right to present a defense conferred by the Sixth and Fourteenth amendments to the United States Constitution.

At trial, Malinowski sought to have Tom Bosman, the school counselor of S.L. (the child that Malinowski allegedly assaulted), testify as to his opinion of S.L.'s ability to perceive and relate the truth. Bosman's testimony would have been based on interactions he had with S.L. in his capacity as her school counselor. Under Wisconsin law confidential communications with a counselor are privileged. *See* Wis. Stat. § 905.04(2). Recognizing that in certain circumstances state law must

yield to an accused's Constitutional rights, and pursuant to *State v. Shiffra*, 175 Wis. 2d 600, 499 N.W.2d 719 (Wis. Ct. App. 1993), the trial court ordered S.L.'s school records produced for an in camera review. After reviewing the records, the court determined that in Malinowski's case, Malinowski's right to put on a defense did not override the privileged nature of the communications and barred Bosman from testifying.

On habeas review, my duty is to determine whether the Wisconsin Court of Appeals' affirmance of the trial court's ruling was contrary to, or was an unreasonable application of, Federal law as interpreted by the United States Supreme Court. 28 U.S.C. § 2254(d). One of the ways that a state court decision might be an unreasonable application of Supreme Court precedent is when the state court "unreasonably refuses to extend [a legal principle from Supreme Court precedent] to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

The parties have now fully briefed their respective positions on Malinowski's petition. Of the Supreme Court cases cited by the parties, of particular note are *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973), and *Davis v. Alaska*, 415 U.S. 308, 315 (1974). Those cases dealt with particular situations where state law came into conflict with an accused's Constitutional rights, and ultimately had to yield. One of my duties, therefore, is to review the state court determination in Malinowski's case and determine whether the state court unreasonably refused to extend the particular legal holdings of *Chambers* and *Davis* to Malinowski's case.

In my view, in order to fully and conscientiously make the determination at hand, I must know particularly what evidence was kept out of Malinowski's trial. Pursuant to Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts, the respondent has submitted much of the record from the state court proceedings to this court. However, the respondent has not submitted

S.L.'s school records which were reviewed in camera by the trial court, and then ordered kept under seal and not released except by order of court. The respondent will therefore be ordered to take the necessary steps so the records that were reviewed by the trial court in camera can be produced to this court. The respondent is to file the records under seal so this court can review them in camera.

**NOW THEREFORE IT IS ORDERED** that the respondent produce S.L.'s school records which were produced for the trial court's in camera inspection;

**IT IS FURTHER ORDERED** that such records be filed **UNDER SEAL** for this court's in camera inspection;

**IT IS FURTHER ORDERED** that such records be produced on or before June 23, 2006.

**SO ORDERED** this 31st day of May 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge